**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BILLIE GARBER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:11-CV-732 |
| THE BANK OF NEW YORK MELLON | § | |
|  F/K/A THE BANK OF NEW YORK, | § | |
| AS TRUSTEE FOR THE CERTIFICATE | § | |
| HOLDERS OF CWALT, INC. | § | |
| ALTERNATIVE LOAN TRUST | § | |
| 2005-86CB MORTGAGE PASS | § | |
| THROUGH CERTIFICATES SERIES | § | |
| 2005-86CB, AND BANK OF | § | |
| AMERICA, N.A. | § | |
|     Defendants. | § | |

<u>**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**</u>

Now before the Court is Plaintiff's Motion to Remand (Dkt. 7).  As set forth below, the Court

finds that the motion should be DENIED.

Defendants removed this case based on diversity of the parties under 28 U.S.C. § 1332.

Suits are removed on the basis of diversity jurisdiction when: (1) the suit involves a controversy

between citizens of different states *and* (2) the amount in controversy exceeds $75,000.  28 U.S.C.

§ 1332.  It is Defendants' burden here to show that this Court has diversity jurisdiction.  *Garcia v.*

*Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).  In her motion to remand, Plaintiff

argues that Defendants have not shown that the amount in controversy exceeds $75,000.

1

## STANDARD

A court may remand a case on the basis of any valid defect identified in a motion to remand as long as it is made within 30 days of removal, and a court is required to strictly construe the removal statute in favor of remand and against removal.  28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  A court is required to strictly construe the removal statute in favor of remand and against removal.  28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). When there is no subject-matter jurisdiction, remand is mandatory.  28 U.S.C. § 1447(c).

## ANALYSIS

It is undisputed that Plaintiff's state court petition does not specifically state the amount in controversy.  In their notice of removal and response to Plaintiff's motion, Defendants claim that the amount in controversy exceeds $75,000 because the value of the Property at issue is $229,292.00. Plaintiff argues that she only has asked that the acceleration of her Note be set aside and the Note be reinstated without any applicable late charges, penalty of interest, making the Property's value is irrelevant.  The Court disagrees.

In addition to injunctive, declaratory, and other equitable relief regarding Plaintiff's Property (including the request that the acceleration be set aside and the Note be reinstated), Plaintiff's state

court petition seeks "actual damages, out-of-pocket damages, including but not limited to damages for clouding the title/slander of title concerning said residence, harm to credit reputation, credit worthiness, and credit history, mental anguish, emotional distress, anxiety, depression, humiliation, and the value of time lost trying to remedy the problem, against Defendants," punitive and/or treble damages, and reasonable and necessary attorney's fees.   Dkt. 4 at 28-29.   Plaintiff's amended complaint (filed after removal and on the same day as her motion to remand) seeks essentially the same damages.   *See* Dkt. 8.

When, as here, a petition does not allege a specific amount of damages, the removing defendant must prove by preponderance of that evidence that the amount in controversy exceeds $75,000.   *Garcia*, 351 F.3d at 639-40.   The removing defendant can satisfy its burden by showing that it is facially apparent from the plaintiff's complaint that the claims are likely above jurisdictional amount, or, if the value of claim is not apparent, by setting forth facts, either in the removal petition or by affidavit, that support a finding of requisite amount.   *Id.* at 640; *see also Corley v. Southwestern Bell Tel. Co.*, 924 F. Supp. 782, 786 (E.D. Tex. 1996) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, n.6 (5th Cir. 1992) (noting that a federal district court may make an independent appraisal of the amount in controversy)).

Here, the Court finds that Defendants have sufficiently shown that it is facially apparent from the face of the petition that the claims are above the jurisdictional amount.   Primarily, Defendants have alleged that the value of the Property for which Plaintiff seeks recision and reinstatement of the note is approximately $229,292.00.    This alone likely satisfies the amount in controversy

requirement.  *See, e.g., Martinez v. BAC Home Loans Servs., LP*, 777 F. Supp.2d 1039, 1047-1048 (W.D. Tex. 2010) ("regardless of whether the property at issue has been sold in foreclosure or is still held by the lender, the value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property").  Moreover, contrary to Plaintiff's implication that the only relief she seeks is the injunctive relief of recision and reinstatement, she also seeks economic, mental anguish, and punitive or treble damages, as well as attorneys' fees, for an assortment of claims against Defendants.  Attorney's fees and exemplary damages can be considered in determining whether the amount in controversy meets the jurisdictional limit.  *See Century Assets Corp. v. Solow*, 88 F. Supp.2d 659, 661 (E.D. Tex. 2000) (citing *Bell v. Preferred Life Assur., Soc.,* 320 U.S. 238, 240-41, 64 S. Ct. 5, 88 L. Ed. 15 (1943) and *In re Abbott Labs.,* 51 F.3d 524, 526-27 (5th Cir.1995)); *see also U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001).  Having considered the value of Plaintiff's Property – in conjunction with her request for other damages, attorney's fees and exemplary damages – the Court finds that Defendants have shown by a preponderance of the evidence that the amount in controversy here exceeds $75,000.

Plaintiff's Motion to Remand (Dkt. 7) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 4th day of April, 2012.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE